UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARRODE PHILLIPS<br>  a/k/a Jake, a/k/a Trife,<br>  a/k/a Trifling,<br><br>            Petitioner<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)  CAUSE NO. 3:06-CV-40-RM<br>) (Arising out of 3:98-CR-67(05)RM<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

In April 1999, a jury found Jarrode Phillips guilty on two counts of maintaining a crack house, and one count of possessing firearms as a felon. He was sentenced in July 1999 to a term of 280 months imprisonment and his conviction was affirmed in February 2001. *See* United States v. Phillips, 239 F.3d 829 (7th Cir. 2001).

On January 13, 2006, Mr. Phillips filed a "Motion for Modification of Sentence Pursuant to Federal Rules of Criminal Procedure, Title 18 U.S.C. 3582 (c)(2) Based Upon an Amendment to the Guidelines," wherein he makes two arguments as to why is sentence should be modified: (1) United States v. Booker, 125 S. Ct. 738 (2005), "lowered [his] guideline range by allowing the Honorable Judge Robert L. Miller Jr., to impose a lower sentence without regard to the 'non advisory' guideline range" and (2) "all the guideline ranges have been 'subsequently lowered' by the Sentence Commission."

§ 3582(c)(2) authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law, so Mr. Phillip's first argument that <u>United States v. Booker</u> lowered his guideline range cannot support his motion. If a substantive amendment to the guidelines is not listed in U.S.S.G. § 1B1.10(c), it is not retroactive and so is not a basis for a motion pursuant to 18 U.S.C. § 3582(c)(2). <u>Ebbole v. United States</u>, 8 F.3d 530, 539 (7th Cir. 1993). Mr. Phillips hasn't pointed to any amendments listed in §1BI.10(c) that apply to his sentence, so he doesn't meet the threshold qualification of having been sentenced "based on a sentencing range that has subsequently been lowered," and thus, cannot obtain a reduction of his sentence in a § 3582(c) motion. *See* <u>United States v. Lykes</u>, 73 F.3d 140, 143-144 (7th ir.1995).[1] Mr. Phillips' second argument cannot support his motion. Accordingly, the court DENIES Mr. Phillips' motion [Doc. # 432].

SO ORDERED.

Entered: <u>February 10, 2006</u>

<u>    /s/ Robert L. Miller, Jr.  </u>
Chief Judge
United States District Court

cc:  J. Phillips
     K. Hayes

---

[1] Mr. Phillips was sentenced under the 1999 version of the Sentencing Guidelines.  Since the imposition of Mr. Phillips' sentence, there have been three amendments which the commission has deemed to apply retroactively: (1) amendment 591, which relates to guideline § 2D1.2, (2) amendment 599, which relates to guideline § 2K2.4, and (3) amendment 606, which relates to guideline §2D1.11(d).  These guideline sections weren't applied in determining Mr. Phillips' sentence.